UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

DEBRA C. VARGAS,

                                                                                  Plaintiff,                        22-CV-07780 (SN)

                                -against-                               **OPINION AND ORDER**

COMMISSIONER OF SOCIAL SECURITY,

                                                                   Defendant.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      Plaintiff, proceeding *pro se*, seeks review of the Commissioner's decision finding that she was not due additional benefits. Defendant moves to dismiss. Because Plaintiff has failed to establish good cause for filing this suit beyond the applicable statute of limitations, Defendant's motion is GRANTED.

## PROCEDURAL HISTORY

      Plaintiff commenced this action on September 8, 2022. See ECF No. 2. On November 2, 2022, the parties consented to my jurisdiction. See ECF No. 20. On December 28, 2022, Defendant, citing the applicable statute of limitations, filed a motion to dismiss in lieu of the certified administrative record, or in the alternative for summary judgment. See ECF No. 22. Plaintiff responded in multiple filings, see ECF Nos. 29-32, and Defendant filed its reply on February 29, 2023.

## BACKGROUND

      The procedural background of this case at the agency level is somewhat convoluted, but neatly summarized in Administrative Law Judge ("ALJ") James M. Martin's May 15, 2019

decision. See ECF No. 24-1. In brief, Plaintiff has been receiving disability insurance benefits ("DIB") since 1994. Id. at 4. In 2014, the Social Security Administration ("SSA") determined that Plaintiff had been overpaid for a year-long period between 1994 and 1995 and sought to recover that overpayment from Plaintiff. Id. In 2016, ALJ Gregory Wilson found that Plaintiff had not been overpaid. Id. Plaintiff appealed this decision, arguing that she was being *underpaid*. Id. This eventually led to ALJ Martin's decision, which clarified that while the Agency had made errors in calculating Plaintiff's benefits in the past, these errors had all been resolved, universally in her favor, and that there was no indication that she was currently being underpaid. Id. at 5.

Plaintiff appealed from ALJ Martin's decision, and on October 8, 2019, the Appeals Council denied her request for review, making the ALJ's decision final. See ECF No. 24-2. The notice of decision informed Plaintiff that she had 60 days to file a civil action seeking review of that decision. Id. On January 9, 2020, Plaintiff wrote to the SSA explaining that she had not received the October 8, 2019 decision because it was mailed to the wrong address and requesting an extension of time. See ECF No. 24-3. On February 10, 2020, Plaintiff again wrote to the SSA, asking the Office of Appellate Operations to reconsider its decision. See id.

On July 21, 2022, the SSA declined to reconsider its decision and granted Plaintiff an additional 30 days to file a civil action. See ECF No. 24-4. Plaintiff filed this action 49 days later, on September 8, 2022.

## DISCUSSION

"A final decision of the Social Security Administration (SSA) must be appealed to federal district court within 60 days of the claimant's receipt of notice of the decision." Velez v. Apfel, 229 F.3d 1136 (2d Cir. 2000) (summary order) (citing 42 U.S.C. § 405(g)). "A claimant is presumed to receive notice of the SSA's final decision within five days of the date of such

notice." Id. (citing 20 C.F.R. § 422.210(c)). "The claimant thus has 65 days from the date of a final decision notice to file suit." Id.

The 60-day statute of limitations is subject to equitable tolling. See Bowen v. City of New York, 476 U.S. 467, 480 (1986). This "permits courts to deem filings timely where a litigant can show that [they have] been pursuing [their] rights diligently and that some extraordinary circumstance stood in [their] way." Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005). The statute of limitations may also be waived. See 42 U.S.C. § 405(g).

The SSA granted Plaintiff's request for an extension of time in excess of the 60 days required by statute. That 30-day extension, plus five days for its receipt, meant that Plaintiff's presumptive deadline to file this action was August 25, 2022. Plaintiff's complaint states that she received the notice on August 1, 2022. Accepting this as true, the deadline to file this action was August 31, 2022. Accordingly, this action is barred by the applicable statute of limitations. 42 U.S.C. § 405(g). Moreover, neither the complaint nor any of Plaintiff's subsequent filings explain her untimely commencement of this action, let alone establish that "extraordinary circumstances" prevented her from filing sooner.

## CONCLUSION

This action was filed outside of the applicable statute of limitations, and Plaintiff has failed to establish any circumstances that would justify equitable tolling. Defendant's motion is GRANTED, and this action is DISMISSED with prejudice. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 22 and 30 and close this case.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   April 17, 2023
         New York, New York